G. M. ROBERTS v. W. J. COCKE, Administrator of W. M. Cocke, Jr.,
Deceased.

*Action on Note—Payment—Evidence.*

In the trial of an action on a note given by C, defendant's intestate, to
M, endorsed by M to plaintiff, which purported on its face to be
for the balance due plaintiff for land, it appeared that plaintiff
contracted to sell the land to D, and took notes for the purchase
money, retaining title, and that D contracted to sell the land to C,
who agreed to pay to plaintiff the balance due him; and that
plaintiff had agreed with D to make conveyance to whomsoever he
might direct, and subsequently conveyed to C's wife by a deed in
which D and wife joined, and which recited that the several con-
tracts had been complied with.    On a former trial of the action C
had testified that the note sued on was given in payment of the
balance due to plaintiff for the land and settled the matter with
him.    Evidence was also admitted that a mortgage, which was on
the land at the time of the various contracts concerning the land,
had been marked satisfied on the records; *Held*, that neither
the deed so executed by plaintiff and D to C, nor the cancellation
of the mortgage, nor the said several contracts between the parties
should have been received as evidence of payment of the note

120—59

sued on, although the latter were relevant to explain the reason for the execution of such note.

CIVIL ACTION, tried before *Bryan, J.,* and a jury, at August Term, 1896, of BUNCOMBE Superior Court. The action was upon a note executed by defendant's intestate to C. M. McLoud and endorsed to the plaintiff, the facts concerning which are fully set out in the opinion of this court. There was judgment for the defendant upon the finding of the jury that the note sued on had been paid and plaintiff appealed, assigning error as follows:

1. In that the Judge erred in permitting the deed from the plaintiff, G. M. Roberts, and others, bearing date the 13th day of May, 1885, to be taken as evidence in behalf of the defendant in the trial of the issue submitted to the jury in this action.

2. In that the Judge erred in permitting a paper writing purporting to be a contract between G. M. Roberts and R. M. Deaver, bearing date the 3rd day of January, 1876, to be taken as evidence, etc.

3. In that the Judge erred in permitting the paper writing purporting to be a contract between R. M. Deaver, A. E. Deaver and Wm. M. Cocke, Jr., bearing date the 12th day of October, 1881, and purporting to have been approved by the plaintiff, G. M. Roberts, on same date, to be taken as evidence, etc.

4. In that the Judge erred in permitting the paper writing purporting to be a contract between the plaintiff, G. M. Roberts, and one C. M. McLoud, bearing date June 2, 1884, to be taken as evidence, etc.

5. In that the Judge erred in permitting the introduction as evidence what purported to be a note, executed by G. M. Roberts, the plaintiff, to one Mrs. Sarah E. Buchanan, bearing date the 7th day of March, 1874, with the endorsement of payment thereon by said plaintiff.

6. That the Judge erred in permitting the introduction of the testimony of Captain T. W. Patton in reference to the release of the mortgage or deed of trust executed by the plaintiff, G. M. Roberts to Mrs. Sarah E. Buchanan.

7. In that the Judge erred in permitting Wm. J. Cocke, the son and administrator of the defendant intestate, to speak of a conversation between him and his said father about the payment of the note sued on, in order to corroborate the testimony of said Wm. M. Cocke, Jr., deceased.

*Messrs. Merrimon & Merrimon* and *S. H. Reed,* for plaintiff (appellant).

*Messrs. Moore & Moore,* for defendant.

MONTGOMERY, J.: This action was brought to recover the amount of a sealed promissory note executed by the defendant's intestate to C. M. McLoud and assigned by the payee to the plaintiff. The note is in the following words and figures: ''Three months after date, with 8 per centum per annum interest after maturity (and payable semi-annually if note allowed to run) I promise to pay to the order of C. M. McLoud nine hundred forty-six 81-100 dollars, for value received, negotiable and payable at the Bank of Asheville, and being part of purchase money still due by me on the P. W. Roberts place in Asheville, on which I now reside. (Signed) W. M. Cocke, Jr. (seal), Sept. 2, 1895.''

It is agreed that the consideration upon which the note was executed, to-wit, a part of the purchase money due at the time of its execution by the maker for the Roberts place, upon which the intestate of the defendant resided, was not an original transaction between the parties to the note. The property, the Roberts place, was in the first instance the subject of a contract dated January 3, 1876,

in which G. M. Roberts, the plaintiff, was to convey the
same to R. M. Deaver upon the payment by Deaver of the
sum of $8,525, to become due at different times and in
different amounts. Among the future instalments was
one of $1,000, due March 1, 1876; one of $631, May 15,
1876; one of $869, due May 15, 1876; one of —— due
May 15, 1876; and three of $1,341.62½, each with interest
on all from January 14, 1876. The contract between
Roberts and Deaver contained the following provision:
"It is further agreed that the three last above named notes,
together with that of $631 above named, with interest
thereon, are to be paid by the said Deaver to Mrs. S. G.
Buchanan in order to discharge a lien in her favor to the
extent of the amount of said notes on the property hereby
sold; and the said notes are to be left in the possession of
C. M. McLoud, through whom the said application of said
payments is to be made."

Afterwards, on October 12, 1881, R. M. Deaver and
A. E. Deaver, the latter being jointly interested though
not named in the contract between Roberts and R. M.
Deaver, contracted to sell their interest in the Roberts place
to W. M. Cocke, Jr., the intestate of the defendant for the
sum of $8,300, payments to be made in the following man-
ner: "Said Cocke is to assume and pay to Mrs. S. E. Buch-
anan the amount that may be found to be due her upon a
mortgage held by her upon said land, and also to pay to
G. M. Roberts the balance of the purchase money due to
him for said land, and to pay the balance of the said sum
of $8,300 to said R. M. and A. E. Deaver, in equal instal-
ments, at one, two and three years, notes to be given for
said balance, bearing interest from date at the rate of 6
per cent. per annum, and title to be retained until all the
purchase money shall be paid."

Roberts agreed in writing to the terms of the last named
contract, and agreed that he would convey the title, as he ·

might be requested to do by the Deavers, upon the pay-
ment to him of the balance of the purchase money under
his contract with the Deavers.    Afterwards the plaintiff
and his wife, R. M. Deaver and his wife, and A. E. Deaver
and his wife, executed a deed for the property to Mrs.
Cocke, the wife of the defendant's intestate, at the request
of the husband, in which deed all the particulars of the
contracts above referred to were recited, and it was further
recited that all the conditions and terms therein set out had
been fully met and complied with.    The defendant's in-
testate went into possession of the property.    The probate
of the deed as to the plaintiff and his wife was had on
January 10, 1886; that of R. M. Deaver and his wife on
January 15, 1886, and that of A. E. Deaver and his wife
on September 15, 1886.    The intestate of the defendant
on the first trial was examined as a witness in his own be-
half and stated that the note sued on in this action was
given in payment of the balance due to the plaintiff for the
lot of land on which he lived in the city of Asheville.    He
testified further that the note was for the balance of the
purchase money due Roberts, and settled the matter with
him.    This evidence was admitted on the last trial by con-
sent, the witness having died between the times of the two
trials.    On the trial the defendant was permitted to intro-
duce the deed from Roberts and wife and others to Mrs.
Cocke as evidence of the payment of the note sued on, and
the plaintiff's first exception is to that ruling of his Honor.
The deed was not competent evidence to show payment of
the note.    The testimony of the defendant's intestate was
to the effect that he wished to get the deed to the land made
to his wife, and to that end got the plaintiff to take his
note, made payable to McLoud and by McLoud endorsed
to the plaintiff (which is the note in suit) for the balance
that was due by the Deavers on the land.    This balance

was to have been paid by the defendant's intestate to the plaintiff under the contract between the Deavers and the defendant's intestate. The note sued on then was, at the time of its execution, the balance due to the plaintiff by the Deavers, and, according to the evidence of the defendant's intestate, the note was given for the balance of the purchase money due to the plaintiff and settled the transaction with him. The deed, therefore, could be no evidence of the payment of the note as the note was given, according to the testimony in the case, that the deed might be made and it collected, and on its face that it was for a balance due for the land.

The evidence which was admitted, and upon which the plaintiff bases his exceptions, Numbers 2 and 3, was not competent to show payment of the note, but was relevant to show the connection the defendant's intestate had with the purchase of the land and with the Deavers in relation thereto, and to explain the reason for the execution by the defendant's intestate of the note sued on.

Exception 6 ought to have been sustained. The Buchanan note and mortgage, even if it had been paid at the time satisfaction of it was entered in the registry, could have tended in no wise to prove that the note sued on had been paid. But the Buchanan mortgage was not paid at the time the entry of satisfaction was made, and that fact was admitted on all sides at the trial. Under the contract between the defendant's intestate and the Deavers, the Buchanan note and mortgage had to be paid by the defendant's intestate, and also several notes to the Deavers as a part of the purchase money which the defendant's intestate agreed to pay to the Deavers. The Buchanan mortgage was not satisfied of record until January 16, 1886, and on that day the execution of the deed was proved by Roberts and wife; that of R. M. Deaver and wife on January 19,

1886, and that of A. E. Deaver and wife on September 13, 1886. The Buchanan mortgage was satisfied by an entry to that effect on the registry, but it was not, in fact, paid as by admission in the case the defendant's intestate made payments on it long after satisfaction had been entered on the registry and the deed from Roberts and wife and others to the defendant's intestate had been delivered. That was conclusive proof that some satisfactory arrangement had been made between the defendant's intestate and the holder of the Buchanan note and mortgage by which the land was relieved of the encumbrance.

The plaintiff's exception, No. 4, to the admission of the Gump settlement ought to have been sustained. The note which was deposited with McLoud as a collateral to secure the debt which Roberts, the plaintiff, owed to Gump & Co., was one which was expressly declared to be a lien on the P. W. Roberts property. The note sued on could not, therefore, have been referred to. It was no lien on the property, and was executed, as testified by defendant's intestate, to relieve the property of the lien resting on it under the several contracts of sale with the plaintiff. The note which was deposited with McLoud clearly was one of those notes which the Deavers owed to Roberts under the contract between them. There was error in the rulings of the court below as pointed out, and there must be a new trial.

New Trial.